WARING REALTY COMPANY, A CORPORATION OF THE STATE OF NEW JERSEY, RELATOR, v. VINCENT J. MURPHY, DIRECTOR OF THE DEPARTMENT OF REVENUE AND FINANCE OF THE CITY OF NEWARK, AND THE CITY OF NEWARK, A MUNICIPAL CORPORATION, RESPONDENTS.

Argued October 2, 1940—Decided October 23, 1940.

Before Justices BODINE and PORTER.

For the relator, *Edward R. McGlynn.*

For Vincent J. Murphy, *Thomas L. Parsonnel.*

For city of Newark, *James F. X. O'Brien.*

BODINE, J.   The rule in this case directs the defendant to show cause why, as director of finance of the city of Newark, he should not issue the necessary warrant to pay the relator the sum of $25,430.90 on account of commissions in connection with the leasing of premises at 200 Washington street, Newark, in accordance with the terms of a resolution adopted August 14th, 1940, by the Board of Commissioners.

The city of Newark had leased the premises in question, pursuant to a resolution of December 19th, 1934, for a term of twenty-one years with a privilege under certain conditions not performed to renew for ten years more.   This lease was effected by Messrs. Feist & Feist, brokers, who have been paid commissions out of the rentals received.   The present broker on October 9th, 1935, procured some changes in the lease and an extension of the term for twenty-nine years, or a total term of fifty years.   It claimed at the time negotiations with the city were commenced that it should receive the usual brokerage commission of five per cent. of the total aggregate rental to be paid under the lease.   The payment now sought was authorized by resolution of the Board of Commissioners adopted August 14th, 1940.

The tenant took possession December 1st, 1935, under the lease as amended.   The effect of the amendment, as to the terms, was to eliminate the option provisions which was contingent upon an immediate building operation not performed and to extend the term of the lease to fifty years.

The question for determination is, whether the broker, who procures an extension of a lease for twenty-nine years, is

entitled under the circumstances of this case to the agreed commission from the rents received by the city?

We do not think the tenant a necessary party to the proceedings. The question for determination is simply between the broker and the city. If the broker's right is clear *mandamus* should go.

The negotiations consummated in the extension of the lease are shown by the following excerpt from the conference minutes of October 9th, 1935: "The city clerk: I have a letter dated October 9th, 1935, from the Waring Realty Company, and over the signature of Lee K. Waring, reading as follows: 'Honorable Mayor and Commissioners of the City of Newark, City Hall, Newark, New Jersey. Re: 200 Washington Street. Gentlemen: In accordance with your counter proposal of September 25th, 1935, our client has consented to the appraisal as per your suggestion and herewith offer the signed proposal, "It is understood that we are to receive from the City of Newark the usual brokerage, namely five per cent. (5%) of the total aggregate rental. Yours very truly, Waring Realty Company (signed) Lee K. Waring, President." There is attached to this 'letter a letter from Levy Brothers Management Corporation, 1440 Broadway, New York City, bearing date October 1st, 1935, and over the signature of Jacob Levy, President of 200 Washington Street Corporation * * *.' The last mentioned letter contains a proposal for the amendment to the lease. (On motion by Commissioner Parnell, seconded by Commissioner Minisi, it was the unanimous vote of the Board that the proposals be accepted and that the Law Department be instructed to draw a supplemental lease embodying the terms of the offers.)"

The resolution authorizing payment of commissions, so far as pertinent, is, as follows: "this lease was effected through the offices of Feist & Feist, brokers, and on December 4th, 1934, the City paid the said Feist & Feist the sum of $14,650, out of rentals received; and, * * * *Whereas,* on October 9th, 1935, the Waring Realty Company appeared before the Board of Commissioners and submitted a proposition for the extension of the term of the lease for a period of twenty-nine years, and a communication submitted by the Waring Realty

Company contained the following paragraph: 'It is understood that we are to receive from the City of Newark the usual brokerage, namely, 5% of the total aggregate rental;' and, *Whereas,* the said aggregate minimum rental for the extended period of twenty-nine years amounts to the sum of $621,500, and 5% of the aggregate rental aforesaid amounts to the sum of $31,075; and, *Whereas,* the aforesaid commission of $31,075 is properly due the brokers for the aforesaid commission, and this is the opinion of the Law Department; and, *Whereas,* the said Waring Realty Company has demanded the payment of the sum of $25,349.90 from the rents which had accumulated up to February 6th, 1940, with a demand for the payment of the balance of $5,725.10 when sufficient money has accumulated from the rents received to pay the same; and, *Whereas,* there is presently available sufficient money accumulated from rentals received and in the custody of the City Treasurer to satisfy the demand for payment of the said sum of $25,349.90 at this time; *Therefore, be it resolved,* by the Board of Commissioners of The City of Newark, that the payment of the sum of $31,075, being 5% of the aggregate rentals on the extended term of twenty-nine years of the aforesaid lease between the City of Newark and the 200 Washington Street Corporation, be and the same is hereby authorized to be paid to the Waring Realty Company, as brokers in the making of the aforesaid lease for the extended term of twenty-nine years; that is, that the sum of $25,349.90 shall be paid from the rents presently in hand, and the balance of $5,725.10 when sufficient money has accumulated from rentals received to pay the same."

The City Commission had prior thereto unanimously adopted a resolution at a meeting held October 16th, 1935, as follows: "*Whereas,* under date of October 1st, 1935, the lessee did propose an amendment to said lease; Now, *therefore be it Resolved* by the Board of Commissioners of The City of Newark that the offer of amendment by the lessee be and the same is hereby accepted; and the agreement amending said lease, a copy of which is hereto annexed and made part hereof, be and the same is hereby ratified and approved; and the proper corporate officers of the City of Newark are

hereby directed to execute said amended agrement on the passage of this resolution."

The tenant did not begin immediate building operations, but in every instance the delay seems to have been excused by appropriate municipal action. But if not, the city has now acquiesced therein and has received the rents due under the lease.

It is apparent from the resolution that the commissions, when paid, will about exhaust the rentals for the first five years of the lease. However, the law implies, in the absence of contrary provision, that upon performance the broker is entitled to commissions. *Feist & Feist, Inc.,* v. *Spitzer,* 107 *N. J. L.* 138. And further that the lessor cannot defeat the right by his own wrong.

It is said that there was no appropriate municipal action, and that hence the broker is not entitled to its commissions. The city had power to lease its lands, and the statute fixes no particular form in which the corporate action should be taken. *N. J. S. A.* 40:176-11; *Child* v. *Newark,* 8 *N. J. Mis. R.* 597. It extended the lease, as we have indicated, by unanimously adopted resolution at a regular meeting of the City Commission. The broker in submitting its offer for the extension of the lease made it conditioned upon payment of commissions. When the municipality accepted the proposal, subject to this condition and directed the execution of the lease, the right to commissions accrued. No more definite municipal action was possible. *Stout* v. *Bayonne,* 15 *Id.* 672; *affirmed,* 120 *N. J. L.* 242. See, also, *Byrne* v. *Wildwood,* 96 *Id.* 287; *Potter* v. *Metuchen,* 108 *Id.* 447.

The right to payment of those commissions accrued under the resolution of August 14th, 1940. Since no rights which the relator has arose by action at conference meetings, we are not called upon to determine the effectiveness of the so-called conference meetings.

A peremptory writ may issue, unless an appeal is desired in which event the pleadings may be moulded accordingly.